**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

IMARE' FRANKLIN,

      Petitioner,

      v.

NEAL JUMP, Sheriff,

      Respondent.

CIVIL ACTION NO.: 2:17-cv-43

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Imare' Franklin ("Franklin"), who is currently incarcerated at Autry State Prison in Pelham, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss, (doc. 10), to which Franklin failed to respond. For the following reasons, I **RECOMMEND** that the Court **DISMISS without prejudice** Franklin's Petition.[1] I further **RECOMMEND** that the Court **DISMISS as moot** Franklin's Motion for Production Order, (doc. 8), and **DENY** Franklin a Certificate of Appealability and leave to appeal *in forma pauperis*.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Petitioner that his suit is barred and due to be dismissed. As indicated below, Petitioner will have the opportunity to present his objections to this finding, and the District Court will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

On April 13, 2017, Franklin filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) With his Petition, Franklin filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) The Court granted this Motion and directed service of Franklin's Petition on May 23, 2017. (Docs. 4, 5.) In its Order, the Court advised Franklin, "[i]f Respondent files a Motion to Dismiss, Petitioner **must** file a Response to that Motion . . . . [I]f Petitioner fails to respond to a Motion to Dismiss, the Court will presume that Petitioner does not oppose Respondent's Motion. The Court will dismiss Petitioner's case[.]" (Doc. 5, p. 3) (emphasis in original).

Respondent filed a Motion to Dismiss on July 20, 2017. (Doc. 10.) On July 26, 2017, the Court issued an Order directing Franklin to file any objections to Respondent's Motion to Dismiss within fourteen (14) days. (Doc. 11.) The Court again specifically advised Franklin that if he failed to respond, the Court would presume that he does not oppose the dismissal of this action. (Id.) Despite these multiple warnings, Franklin still has not filed a response to Respondent's Motion to Dismiss.[2]

## DISCUSSION

The Court must now determine how to address Franklin's failure to comply with this Court's Orders and his failure to respond to Respondent's Motion to Dismiss. For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Franklin's Petition and **DENY** him a certificate of appealability and leave to appeal *in forma pauperis*.

---

[2] Instead, Franklin filed a copy of a "Motion to Modify Sentence" that he filed in his state criminal case. (Doc. 12.) However, this Motion is entirely unresponsive to Respondent's Motion to Dismiss. In fact, Franklin never once mentions the Motion to Dismiss in his filing.

## I. Dismissal for Failure to Prosecute and Follow this Court's Orders

A district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), ("Rule 41(b)"), and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem.

---

[3] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court repeatedly advised Petitioner that his failure to respond to the Motion to Dismiss would result in dismissal of this action.

Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite the Court advising Franklin on multiple occasions of his obligation to respond to Respondent's Motion to Dismiss and the consequences for failing to respond, Franklin has not filed any opposition to Respondent's Motion. Thus, it is clear that Franklin has ignored his obligations to prosecute this case and to follow this Court's directives.

Accordingly, I **RECOMMEND** that the Court **DISMISS** Franklin's Petition **without prejudice**, for failure to prosecute and failure to follow this Court's Orders.

4

**II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Franklin leave to appeal *in forma pauperis* and deny him a Certificate of Appealability ("COA").  Though Franklin has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); <u>see also</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at \*1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of

Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Franklin's failure to follow this Court's directives and failure to prosecute, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability.  If the Court adopts this recommendation and denies Franklin a Certificate of Appealability, Franklin is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should also **DENY** Franklin *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** this action, **without prejudice**, **DISMISS AS MOOT** Franklin's Motion for Production Order, (doc. 8), and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Franklin a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA